UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN MICHIGAN

| | |
|---|---|
| ZHIJIE PAN <br> 3087 OVERRIDGE DR <br> ANN ARBOR, MI 48104 <br><br> XIANGMING FANG and his family <br> LU YANG and her husband <br> LI REN and her family <br><br> PLAINTIFFS, <br><br> v. <br><br> JOSEPH B. EDLOW <br> DIRECTOR <br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES <br><br> DEFENDANT | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

The Plaintiffs, by and through counsel, Dehai Tao Immigration PLLC, bring this complaint against Defendant Mr. Joseph B. Edlow in his capacity as Director of United States Citizenship and Immigration Services ("USCIS" or "Defendant"), stating as follows:

1. All Plaintiffs applied for their investment immigrant visa petitions, commonly known as EB5, years ago.

2. This action is brought against Defendant to compel Defendant to adjudicate the Plaintiffs' EB5 petitions without further delay.

3. Plaintiff Zhijie Pan filed her I-526 on December 22, 2017, nearly eight years ago, with case number WAC1890093993. We understand that the current processing time according to USCIS website for the legacy I-526 is about 93 months. However, we have

many similar cases approved in less than 24 months (e.g. WAC1790107682 filed on 12/07/2016, approved 04/09/2028; WAC1790113622, filed on 12/16/2016, approved on 03/02/2018; WAC1790107790, filed on 12/07/2016, approved on 8/06/2028, etc.)

4. Plaintiffs Xiangjiang Fang, his wife and his son filed their I-829 to remove the conditionality of their Green Card on November 19, 2020 with case numbers WAC2190031199, WAC2113151021 and WAC2113151020 respectively.  We fully understand that the current processing time according to USCIS website for I-829 is about 47 months. However, for the identical cases from CMB Regional Center Group 16, approximately 180 I-829 cases were approved among total approximately 206 filed cases and most them were approved in about two years.  For example, case number WAC1726500297 was filed on June 22, 2017, approved on April 17, 2019 and case number was filed on August 15, 2017, approved on June 13, 2019, etc.

5. Similarly, Plaintiffs Lu Yang and her husband filed their I-829 on January 29, 2021 with case numbers WAC2190049970 and WAC2116450008 respectively. For the identical cases from CMB Regional Center Group 17, approximately 26 cases were approved among total 31 filed cases.

6. Similarly, Plaintiff Li Ren, her husband and her son filed their I-829 on May 3, 2022 with case numbers WAC2290077896, WAC2220950231 and WAC 2220950227 respectively. For identical cases from CMB Regional Center Group 23, approximately 30 cases were approved among total 44 filed cases.

7. We also understand that the current processing time is about 47 months. However, we have similar I-829 cases which were approved in **less than two months**.  For example, we filed WAC2490104760 on June 11, 2024. USCIS approved this case on July 26, 2024

in less than two months! Another case, WAC2490110598, was filed on June 21, 2024. USCIS approved on July 29, 2024. Again, in less than **two months!**

## JURISDICTION

8. The plaintiffs Zhejie Pan and Xiangming Fang, etc. are living in the State of Michigan. The issue here involves the implementation and interpretation of federal statutes and regulations. Thus, the jurisdiction of this Court is proper.

9. This Court has jurisdiction because Defendant is an "agency" within the meaning of the APA, 5 U.S.C. $ 551(1). USCIS is responsible for the adjudication of visa applications, including EB5 immigrant visas, and this case involves federal law.

## VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), in that this is an action against officer and agency of the United States in their official capacities, brought in the District where Plaintiffs are residing.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. No exhaustion requirements apply to the Plaintiffs' complaint for a Writ of Mandamus. The Plaintiffs are owed a duty – adjudication of their EB5 petitions in a timely manner. The Defendant unreasonably delayed these cases.

12. The Plaintiffs have no other adequate remedy available for the harm the Plaintiffs seeks to redress.

## CAUSE OF ACTION

9. The Defendant has sufficient information to adjudicate all four cases which were properly filed pursuant to applicable requirements.

10. The Defendant's improper delay in the Plaintiffs' cases has caused tremendous loss for the Plaintiffs' quality of life, career development and business opportunity.

## CLAIMS

11. For a mandamus petition, the plaintiff must demonstrate that: (i) he/she has a clear right to the relief requested; (ii) the Defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); *see also Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice") The Plaintiffs clearly meets all three of these criteria.

12. The Court's intervention is also appropriate because Defendant has failed to act within a reasonable period of time. *See*, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice").

13. Defendant's delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court:

    a.    Assume jurisdiction over this action;

  b. Compel the Defendant to perform the duty to adjudicate Plaintiffs' cases without any further unreasonable delay;

  c. Enter a declaratory judgment that the Defendant's unreasonable delay violates the INA, the federal regulations, the APA, and that such delay is arbitrary and capricious;

  d. Grant attorney's fees and costs of Court to the Plaintiffs under the Equal Access to Justice Act.

Respectfully submitted,


s/*Dehai Tao*
Counsel for Plaintiffs
Dehai Tao
Dehai Tao Immigration PLLC
24 Frank Lloyd Wright Dr., Suite A3250
Ann Arbor, MI 48105
Tel: (734) 678-6830
E-mail: dehai@dehaitao.com